## SIMON v. RUDCO OIL & GAS CO.

### No. 10335.

Circuit Court of Appeals, Fifth Circuit.

Dec. 15, 1942.

Rehearing Denied Feb. 1, 1943.

J. N. Saye and W. T. Saye, both of Longview, Tex., for appellant.

Russell Surles, Chas. F. Potter, Frank Bezoni, and W. F. Weeks, all of Tyler, Tex., for appellee.

Before HOLMES and McCORD, Circuit Judges, and DAWKINS, District Judge.

HOLMES, Circuit Judge.

This is a controversy over the ownership of mineral rights in a strip of land 44.5 feet wide and 582.2 feet long, located in Wood County, Texas. The Rudco Oil & Gas Company took possession of the land in 1941 under a mineral lease from Will

Lowe and his wife, and drilled a producing well thereon. Sol Simon thereupon instituted this suit, designated as an action to quiet title and recover possession, claiming title to said mineral interests under leases from H. F. Downing, a grantee of Will Lowe and his wife, and also claiming title by adverse possession. The court below entered judgment for the defendant, and Simon appealed.

The case is simplified by stating at the outset that appellant does not claim all the strip in controversy under the precise description of the lands conveyed under the grant to Downing and his leases thereunder. He contends that the conveyance from Will Lowe and his wife to Downing, though it did not expressly include the strip, intended to include it and, aided by a presumption of Texas law, did in fact include it; and that, by virtue of the same presumption and other granting clauses, conveyances from Downing vested in appellant the ownership thereof. The presumption thus relied upon by appellant to establish his title is that announced by the Supreme Court of Texas in Cantley v. Gulf Production Company, wherein the court held that, where a grantor has conveyed all land owned by him adjoining a narrow strip of land that has ceased to be of any benefit or importance to him, the presumption is that the grantor intended to include the strip in the conveyance unless the intention to reserve the strip is made clear by the deed. 135 Tex. 339, 143 S.W. 2d 912, 916.

So narrowed and clarified, the issue may be stated in this way: It is admitted that Will Lowe and his wife owned in fee the entire tract conveyed by them to Downing in 1930, and also the strip in controversy here; that the conveyance to Downing did not describe the strip in controversy; that the Lowes did not own any other property adjacent to the strip, and did not expressly retain title to the strip in the deed to Downing; that appellant has succeeded to the right and title of Downing in and to the strip, if any he had; and that in 1941 the Lowes executed a mineral lease upon the strip to the assignor of appellee. In view of the cited presumption, did title to the strip pass to Downing in 1930 and thence to appellant, or did title thereto remain in the Lowes until conveyed by them in 1941 to appellee's antecedents in title?

■ The Cantley case involved a construction of a deed, and a map incorporated by reference therein, conveying land from the side of which a roadway had been reserved. The road had never been developed, and title to the strip had become vested in the owner of the remaining tract by adverse possession. The land thus conveyed abutted upon the strip reserved for a road, and the court applied the rule announced in Cox v. Campbell, 135 Tex. 428, 143 S.W.2d 361, that, where a deed conveys by specific field notes land abutting on a street or public highway or railroad right of way, it conveys title to the property to the center of such street, public highway, or railroad right of way. In Cities Service Company v. Dunlap, 5 Cir., 117 F.2d 31, this court decided that the language of the Cantley case was limited to its facts, and that the doctrine announced therein did not apply where no abutting road or right of way was mentioned in the title papers or existed in fact. In McKee v. Stewart, 162 S.W.2d 948, the Commission of Appeals of Texas, in an opinion adopted by the Supreme Court of Texas, held that the doctrine of the Cantley case did not apply where no ambiguity or uncertainty as to the land intended to be conveyed appeared on the face of the deed or arose by virtue of a discrepancy between the description of the land and its physical structure.

■ The strip in controversy in the case at bar admittedly did not abut upon or involve a road or right of way, and no ambiguity appeared on the face of the deed or resulted from applying the calls of the description to the ground. Moreover, it appears from the evidence that the strip was so located that, despite its size, it might have been of use and of appreciable economic benefit to the Lowes on the date of their conveyance to Downing. It is our opinion that appellant was not entitled to invoke the presumption in this case.

■ With reference to the claim of title by adverse possession, it is sufficient to say that the record wholly fails to substantiate this claim by the required degree of proof.[1] The court below correctly determined that appellant's holdings were confined to the land described in the instruments through which he traced title, and that, so limited, the northern boundary

---

[1] Tucker v. Smith, 68 Tex. 473, 3 S.W. 671; Stringer v. Johnson, Tex.Civ.App., 222 S.W. 267, 274; 2 Tex.Jur. 322.

of his 1½ acre tract was the center line of the railroad track.

The judgment appealed from is affirmed.