Tom M. MILLER et al., Appellants,

v.

Hazel I. CRUM et al., Appellees.

No. 15918.

Court of Civil Appeals of Texas.

Fort Worth.

May 23, 1958.

Rehearing Denied June 20, 1958.

Tom M. Miller, Graham, for appellant.

John W. Moore, Jacksboro, Stone, Agerton, Parker & Kerr, and B. G. Mansell, Fort Worth, for appellee.

MASSEY, Chief Justice.

This is an appeal from a judgment for the plaintiffs in a trespass to try title case. The primary ground upon which the defendants maintained their defense was upon the five-year and ten-year statutes of limitation, Vernon's Ann.Civ.St. arts. 5509,

5510. Other limitation statutes were urged, but were obviously without application under the undisputed evidence.

Trial was to a jury and after the plaintiffs put on their evidence in chief the defendants started to put on their evidence. Through the sustaining of objections interposed to deed offered by the defendants, purportedly granting the property in question by one defendant and his wife to the other defendants, the defendants' hope of establishing any record title was destroyed. Thereafter other evidence of defendants unquestionably established that their defense of limitations was based upon their theory that a beginning date thereof could antedate a deed which on its face transferred the interest of the defendant (under whom the claims of limitation originated) to plaintiffs' predecessor in title. Deciding that in view of the time element for any applicable statute the defendants could not "tack on" to any limitation period any period prior to said deed to plaintiffs' predecessors, the trial judge stopped the proceedings and instructed a verdict for the plaintiffs. Defendants were afforded full opportunity to perfect bills of exception, but reference to such as were preserved for purposes of appeal disclose that they had no valid defense to plaintiffs' action unless such appeared under the undisputed facts.

Judgment of the trial court is affirmed.

For simplification of the discussion to follow, we here insert a rough drawing which should be of benefit to an understanding of the dispute posed between the parties.

**DIAGRAM**

Common source of title was proven by plaintiffs. The defendants attack this, but in our opinion the undisputed evidence establishes it. The deed in which common source is to be found is dated September 30, 1929, from J. F. Rogers et al. to C. E. Turner and C. B. Jones, said grantees each receiving a one-half undivided interest in both the property in dispute and in the property lying generally northwest therefrom and southeast therefrom. This title is subject to certain mineral reservations not material to our decision, hence such reservations will not hereinafter be noticed.

As may be noticed from the plaintiffs' chain of title to the property in dispute, the one-half interest originally in C. E. Turner has now vested in a group of persons, all plaintiffs herein, who may generally be designated as the Turner Heirs. The one-half interest originally in C. B. Jones passed through grant by deeds; first to his wife; then by undivided interests into J. A. Crum (a defendant herein) and P. L. Crum; and finally from them to Ira L. Crum and wife, Hazel Crum, by deed of May 2, 1947. Thereafter Ira L. Crum died and his interest passed to his heirs. The Jones' one-half is now claimed by a group of persons, all plaintiffs herein, whom we will hereinafter term Hazel Crum and the Crum Heirs when there is any necessity to distinguish them from the Turner Heirs.

Prior to May 2, 1947 (when J. A. Crum and P. L. Crum made deed to property inclusive of that in issue to Ira L. Crum and his wife), Ira L. Crum owned or claimed some interest in the land lying northwest of the property in dispute. On date of May 2, 1947, apparently pursuant to a general transaction, Ira L. Crum, deeded his interest therein to J. A. Crum. In this transaction one P. L. Crum joined as grantor along with Ira L. Crum. As already noted, P L. Crum also joined as a grantor along with J. A. Crum in the deed covering the property in dispute to Ira L. Crum and wife.

The state of the record of title demonstrated title wholly in the plaintiffs, and this was proven by plaintiffs through deeds, probate records. etc., admitted for the purpose of proving common source of title with defendants, and a chain of title into plaintiffs. The deeds adequately described land which encompassed the particular property in controversy. For the limited purpose of proving that defendants were claiming through common source with Hazel Crum and the Crum Heirs (Texas Rules of Civil Procedure 798; Jones v. Willoughby, Tex.Civ.App. El Paso, 1951, 245 S.W.2d 341, reversed on other grounds 151 Tex. 435, 251 S.W.2d 508, but principle

approved), plaintiffs introduced the deed dated October 30, 1952, from defendants J. A. Crum and wife to defendants Tom M. Miller and wife, Vennie B. Miller. As to lands other than that in controversy this deed described same by adequate legal description, but the property in controversy was purportedly covered by language as follows:

"The grantors herein convey any and all rights acquired by them from their predecessors in title, to the land conveyed herein and in addition to the hereinabove described land and premises, the grantors herein sell, transfer, grant, assign and quitclaim unto said Tom M. Miller, his heirs or assigns, all their right, title and interest in and to a certain tract of land comprising approximately 30 acres, being the Southeast corner of land now under fence, and which grantors hold under fence, and being a part of the C. A. Newsom Survey, and/or the Isaac White Survey, and which the grantors have fenced and held under claim of limitation, and convey to grantees herein, all their right, title, claim or interest therein. Said tract herein quitclaimed being 30 acres, more or less, and in addition to the above described land. * * *"

It is to be noticed that while the defendants' limit of interest in and to the property in dispute under record title could not have been in excess of a one-fourth undivided interest (viewed back immediately prior to May 2, 1947, when the deed was made to Ira L. Crum and wife), the interest attempted to be asserted under the deed to Tom M. Miller and his wife was a full title under J. A. Crum's claim of limitation.

The recitation of the J. A. Crum and wife deed to the Millers recited that the "corner" (comprising the area in dispute) was "under fence, and which grantors hold under fence." The defendants' pleadings and the evidence in the record, introduced by defendants, was to the effect that the "fence" in question was established

in 1946. This was at a time when J. A. Crum owned an undivided one-fourth interest in and to the property, a part of the Jones' interest. P. L. Crum also owned a one-fourth interest. The Turner Heirs, or their predecessors, owned an undivided one-half interest At that time P. L. Crum and Ira L. Crum owned the land lying northwest of the property in dispute. It is the defendants' contention that the fence was run along the lines indicated by the diagram due to the irregularity of the ground and to accommodate the same to utility in holding stock, and was agreed upon by all parties to be the boundary line between the properties lying to either side. The effect of this contention amounts to a claim that J. A. ·Crum yielded up a sizeable amount of acreage belonging to himself (and P. L. Crum) when he agreed to the fence line as the boundary, but that he reaped a benefit therefrom by the transaction in 1947 when he sold his interest (along with P L. Crum) to Ira L. Crum and his wife and bought the property to the northwest. In other words, defendants contend Ira L. Crum and wife received their recited (in the deed) purchase less the property previously owned by them (along with P. L. Crum) on the northwest side of the fence. At the same time, according to defendants' contention, J. A. Crum received this much excess property (in addition to that recited by the deed to him from Ira L. Crum and P. L. Crum) on the northwest side of the fence.

However, the recitation of the deed to Ira L. Crum and wife contained language (on the part of grantors J. A. Crum and P. L. Crum) to the effect that the interest conveyed thereby was the identical interest in identically described land that such grantors had received from C. B. Jones and his wife, Ada Jones. It is noticed that nowhere pursuant to the relief sought by the defendants, or any of them, is there any request for reformation in this deed.

Furthermore, when a question was raised as to the sufficiency of the deed from J. A. Crum and P. L. Crum to Ira L. Crum and

wife, on account of the fact that the notary's certificate did not recite that Romie Crum, wife of J. A. Crum, had been examined by him privily and apart from her husband, etc., in accord with the provisions of law of this state relative to transfer of an estate of a married woman, a correction deed in remedy of any defect was executed on February 18, 1955, by the Crums along with their wives (and in addition C. B. Jones and wife, Ada A. Jones), quitclaiming the same lands unto Hazel Crum, individually and as Community Administratrix of the Estate of Ira L. Crum, deceased (Ira L. Crum had died prior to that date). Language of the instrument read in part, as follows: "Whereas, on May 2, 1947, J. A. Crum and wife, Romie Crum, and P. L. Crum and wife, Lois Crum, conveyed all their undivided ½ interest in the surface rights under the above described lands ·to Ira L. Crum, * * *." The description of the property was full and sufficient, as indeed was the description in the instrument referred to of May 2, 1947.

Of course, some three years prior to the date of this instrument in quitclaim, J. A. Crum and his wife had executed the deed to Tom M. Miller and his wife, in which an attempt to convey limitation title to the property in controversy had been made.

■ Plaintiffs proved their title and rested. Defendants attempted to introduce the deed from J. A. Crum and his wife to Tom M. Miller and his wife, containing the language purporting to grant the property in question which said grantors recited as being land "fenced and held under claim of limitation." Though plaintiffs had gotten this same deed into evidence for the express limited purpose of proving title from a common source, they objected to defendants' tender of the same instrument for general purposes. The objection was based upon a contention that the deed failed to so sufficiently describe any land or premises claimed thereunder as to put plaintiffs on notice of any adverse claim to the property in dispute, or to refer to any other instrument

or record in writing bearing any description sufficient to put plaintiffs on like notice. Their objection was sustained and defendants were denied the right to introduce the deed. We are of the opinion that such objection was properly sustained. 14–B Tex. Jur., p. 633, "Deeds," sec. 177, "Related Fields"; 2 Tex.Jur., p. 181, "Adverse Possession," sec. 97, "Description in Deed under which Claimant Holds Possession."

■ As a result thereof the defendants were cast in the position of raising an issue on their claim of limitations, under either the five-year statute or ten-year statute. Indeed, we are of the opinion that they are so confined in any event. If J. A. Crum and P. L. Crum had not conveyed all their interest in the subject property by the 1947 deed to Ira L. Crum and his wife, the purported deed to Tom M. Miller and his wife might have been sufficient, with the aid of extrinsic evidence, to pass title to Miller; but they had no title. On the matter of limitations the deed insufficiently describes the land to afford the Millers a basis to claim under the five-year statute or any statute based on a deed or deeds.

■ We are further of the opinion that the defendant J. A. Crum would be foreclosed from making any claim under deed for an additional reason. He granted and sold the property in controversy to Ira L. Crum and his wife, and one who does so cannot thereafter claim under his former title or through the chain by which it was acquired against those holding under his grantee. 2 Tex.Jur., p. 247, "Adverse Possession," ("Claim under Registered Deed or Deeds"), sec. 134, "Generally—Claim by Party After Divestiture of Title." Therefore, regardless of the perfection of his title prior to the date of his deed in 1947, J. A. Crum broke the continuity of his possession under his previous title and/or possession prior thereto. He could not part with his existing title by that deed, and reserve (outside the deed by secret intention or otherwise) the benefits of his former title in aid of an adverse claim against his

grantees or those holding under his grantees. Since his 1947 deed was a warranty deed he could not subsequently acquire an older or better title than he had conveyed—if such existed—and claim against his grantees through its receipt. Any such receipt would inure to the benefit of his grantees under the after-acquired title doctrine. Though he might claim adversely under the principles of adverse possession, any such claim would necessarily have its inception after the date of his deed, May 2, 1947, and possession, if continued without interruption in circumstances truly adverse—his title would not have matured under the ten-year statute until May 2, 1957, even had the statute not been tolled as to at least one grantee as the result of the interval between the time Ira L. Crum died and the time Hazel Crum was subsequently granted letters of administration. Vernon's Ann. Texas St., Art. 5538, "Limitation after death," and this suit was filed prior to the last stated date and diligently prosecuted.

■ Hence, the claim of J. A. Crum fails under the ten-year statute for want of any lapse of time for the requisite period, and fails under the five-year statute because he is precluded from claiming under any deed.

The Millers of course claim under the deed which was received from J. A. Crum and his wife, but which was properly excluded from evidence. Even had it been sufficient and admissible in evidence, however, thus capable of supporting a limitation title, it was dated October 30, 1952 (filed February 11, 1953), and even though we take the earlier date and disregard the period the statutes of limitation were tolled between the time Ira L. Crum died and his wife granted letters of administration, the five-year statute would not have matured until seven months after this suit was filed. Furthermore, the deed would not have supported a title under the five-year limitation statute. In any event, these circumstances resolve the question to one relative to whether the Millers might have raised any issue under the ten-year statute of limita-

tion, thus entitling them to have an issue submitted to the jury.

In a test thereupon (the ten-year statute) the Millers, of necessity, would be required to "tack on" their own possession to that of their predecessor J. A. Crum. The possession of such predecessor could not be treated as having commenced until after May 2, 1947, as demonstrated heretofore. Less than five years added to less than five years can never total as much as ten years, hence the period to which the Millers are restricted by the laws of standard mathematics rule out any ability on their part to maintain a claim under the ten-year statute of limitation.

 It therefore appears that the trial court correctly instructed a verdict in favor of the plaintiffs. The defendants have contended that the court erred in its judgment because the plaintiffs plead but made no proof on a limitation title, but we deem the contention faulty and overrule the same. The mere fact that a part of plaintiffs' pleadings incorporated a claim under limitations would not limit their proof and recovery under other grounds also plead. Defendants' further contention under the strip and gore doctrine fails and point thereon is overruled. The doctrine is inapplicable to deed of Ira L. Crum and P. L. Crum of May 2, 1947, or to the deed by Hazel Crum and the Crum Heirs of property southeast of the disputed property (and not including such property) to third persons on February 7, 1957, not long prior to the filing of this suit.

The strip and gore doctrine is a rule of construction of a deed based on public policy to discourage separate ownership of narrow strips of land and applies only to ambiguous deeds, whether the ambiguity is found in the deed itself or arises from an attempt to apply the description on the ground. See Tex.Jur. 10 Yr.Supp., p. 191, "Deeds," sec. 237a, "Presumption as to Retention of Narrow Strips of Land"; 14–B Tex.Jur., p. 691, "Deeds," sec. 229, "Reten-

tion of Narrow Strips of Abutting Land"; McKee v. Stewart, 1942, 139 Tex. 260, 162 S.W.2d 948. The property in dispute is not a narrow strip and is not the character of land parcel contemplated by the doctrine. There is no ambiguity or occasion for construction of either the deed of 1947 (and its correction deed of 1955) to the Ira L. Crums, or the later deed to the property south and east of that which is the subject of this controversy.

Judgment is affirmed.