**Calvin WOOLAVER, Appellant,**

v.

**TEXACO, INC., et al., Appellees.**

**No. 18191.**

Court of Civil Appeals of Texas, Fort Worth.

Feb. 7, 1980.

Rehearing Denied Feb. 28, 1980.

Wilbur T. Knape, Hurst, for appellant.

William A. Nobles, Decatur, for appellees.

OPINION

MASSEY, Chief Justice.

Plaintiff Calvin Woolaver brought suit, as a plaintiff holding title to certain realty (by and through one Works as predecessor in title), against Nolan M. Boydston, as alleged title holder to adjoining property, and against Texaco, Inc., Boydston's lessee. The relief Woolaver sought was for the title and possession of what was alleged to be his premises plus injunctive relief which would require defendants to remove any existing

obstruction and refrain from any other construction so as to interfere with the premises.

Defendants obtained summary judgment to the effect that Woolaver was not entitled to relief. Therefrom Woolaver appealed.

We reverse and remand.

Involved is the question of whether Woolaver, as successor in title through the Works deed, and in particular because the recitation of such deed was of a lot within a block of a particular platted and dedicated subdivision of the City of Decatur, Texas, had succeeded to Work's complete title—not only as applied to the metes and bounds of the platted lot with reference to which there was transfer by deed—but, in addition, to a strip alongside it of about 15 feet in width. The strip of land represented an area of land formerly within the metes and bounds of a street abutting upon the Works' lot (among numerous others). This street had been closed and had ceased to be a street abutting upon the lot at a time when title to the lot was in Works. It was on this fifteen foot strip Woolaver complained invasion by the above defendants to have occurred or to be threatened.

The parties to the litigation have agreed that all matters of antecedent procedure had been proper so that as a consequence Works, by reason of the fact that the approximate fifteen foot strip of land had been abandoned as a street, did become owner and holder of the fee title interest thereto. (This was not only agreed to but was in accord with established principles of law which are not discussed.)

However, there is dispute between the parties about whether the fifteen foot land strip remained the property of Works. On the record in the office of the county clerk it stood in his name unless it was carried along as property transferred by deed in the chain of title to the lot which ultimately became that of Woolaver.

Defendants claim that title to said strip is Works', and that claim of their unjust use

thereof would be Works' entitlement, not Woolaver's; that Woolaver is a stranger to the title. To the contrary Woolaver, whose title to the lot was conceded (but only by its metes and bounds description in the plat and dedication), claims that his purchase was of every right of Works in and appurtenant to the lot, including the fifteen foot strip.

Works' deed to Woolaver was granted as a part of a subdivision of the City of Decatur, with reference to such subdivision made, and as a lot within a block thereof. Because of this Woolaver claims he received not only the lot but in addition Works' fifteen foot strip of land which had accrued to him upon the abandonment of the abutting street.

■ We hold Woolaver to be correct; i. e., that by the description of what was conveyed by the Works, without any reservation to indicate that the contrary was his intent, the grantee received exactly the same interest in the abutting fifteen foot strip as would have been received had the conveyance occurred before abandonment of the abutting street.

■ To so hold is but an application of an established principle of law sometimes called "the strip and gore doctrine." That doctrine a rule of construction of a deed based on public policy to discourage separate ownership of narrow strips of land and applies only to ambiguous deeds, whether the ambiguity is found in the deed itself or arises from an attempt to apply the description on the ground. *Miller v. Crum*, 314 S.W.2d 389, 395 (Tex.Civ.App.—Fort Worth 1958, no writ).

On the recognition and development of "the strip and gore doctrine" see authorities which include the following: *Simon v. Rudco Oil & Gas Co.*, 132 F.2d 211 (CCA 5th Cir. 1942); *Cantley v. Gulf Production Company*, 135 Tex. 339, 143 S.W.2d 912, 916 (1940); *Cox v. Campbell*, 135 Tex. 428, 143 S.W.2d 361 (1940); *McKee v. Stewart*, 139 Tex. 260, 162 S.W.2d 948 (1942); *Cities Service Oil*

*Co. v. Dunlap*, 117 F.2d 31 (CCA 5th Cir. 1941); 26 C.J.S. "Deeds" § 106, p. 902 et seq., "Appurtenances, Incidents, and Rights Passing with Deed"; and the following Sec. 107 (p. 908), "Evidence" (1956); 23 Am. Jur.2d p. 292, "Deeds", Sec. 256, "(Appurtenant and Incidental Property Rights)—Generally", and the following Sec. 257 (p. 294), "Particular property and rights" (1965). See also Houser, *Implied Street Easement—Injunctive Relief*, 20 Baylor L.Rev. 359 (1968); and 28 Tex.Jur.2d p. 171, "Highways and streets", Sec. 140, "Effect of conveyance" (1961).

Summary judgment is reversed. The cause is remanded for trial.