## BOOTHE v. FUENTES.

No. 12573.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 12, 1953.

Rehearing Denied Dec. 9, 1953.

R. L. Miller, Gonzales, Boyle, Wheeler, Gresham & Davis, San Antonio, for appellant.

Perkins & Vollentine, Gonzales, for appellee.

NORVELL, Justice.

This is a boundary dispute. Appellant, Ross Boothe, is the owner of a tract of land situated in the Outer Town of Gonzales, Texas. The appellee, Frank Fuentes, owns a smaller tract lying immediately to the south and adjacent to the Boothe parcel. The disputed strip is ten varas in width and the controlling question in the case is whether such strip lies along and within the south boundary of the Boothe tract or

within the north boundary of the Fuentes tract.

Trial was to the court without a jury. Findings of fact and conclusions of law were not requested. We must, therefore, assume that all fact issues having support in the evidence were found in favor of the prevailing party below. Appellee presents three theories which he contends are supported by the evidence. These, stated in the inverse order of their presentation in the brief, are: (1) Boundary by acquiescence at the 100 vara point (This point is 100 varas north of the beginning point of the Fuentes tract. Appellant contends that the true boundary is 90 varas north of the beginning point.), (2) the ten-year statute of limitations, Article 5510, Vernon's Ann.Tex.Stats., and (3) an asserted proper construction of the field notes honoring calls for artificial monuments over distance calls.

Fuentes holds under the senior conveyance from the common source, being a deed executed in 1924. The evidence shows that about 1926 some character of fence was erected along the 100 vara line. It appears that the maintenance of this fence was neglected, and at times it was ineffective as a barrier, until an entirely new fence was constructed along the line by Boothe in 1941 or 1943. (There is a dispute in the evidence as to the exact date.) There was a discernable line between the two tracts at the 100 vara point, from 1926 until the time of the trial of this suit, but there is no proof of uncertainty between the owners of the two tracts involved as to the true boundary line. The record is entirely silent as to the reasons why the fence was constructed along the 100 vara line in 1926, and as to the later fence Boothe testified that the fence was purposely constructed off the line in order to keep his live stock farther away from Fuentes' buildings, where children were often present. As we understand the doctrine of boundary by acquiescence, it must be shown that there was some uncertainty as to the true boundary, which resulted in a line being established (generally by a fence), and that thereafter the adjoining land owners acquiesced in and recognized this line as the true boundary line between them. The mere erection of a fence off the boundary line is not in itself sufficient to make the doctrine applicable. Uncertainty of boundary must be shown. Gulf Oil Corporation v. Marathon Oil Co., 137 Tex. 59, 152 S.W. 2d 711; Foster v. Duval County Ranch Co., Tex.Civ.App., 260 S.W.2d 103. The judgment can not be upheld upon the theory of boundary by acquiescence or agreement.

Nor do we believe that the evidence is sufficient as a matter of law to meet the test required by the ten-year statute of limitation. Practically all of the testimony assertedly relevant to the issue came from Fuentes himself, and if we afford the utmost credibility thereto (as we are required to do under the applicable rules), it still remains uncertain, incomplete and indefinite in nature. This type of testimony was fully discussed by this Court in Urschel v. Garcia, Tex.Civ.App., 164 S.W.2d 804, and we regard the rules therein stated as being controlling here.

Seemingly, appellee's primary position is that under a proper construction of the field notes, the north boundary line of the lot is at the 100 vara point. The field notes contained in the deed dated October 14, 1924, under which Fuentes claims, begin at an undisputed point, that is, the southeast corner of Out Lot No. 14. The first call is, "thence N. 20 W. 90 varas to *a stake* set for the North East corner of this one acre tract." The next call is for a line running at right angles with the first line (S. 70 W.) for a distance of 109 varas to *a stake* set on the northeast side of the Gonzales and Luling Public Road, for the northwest corner of the tract.

One of appellee's witnesses testified that he located two steel stakes at the hundred vara distance, at or near the northeast and northwest corners of the tract, and that although he made diligent search at the 90 vara distances, he found nothing. From the evidence it can not be said with

756

reasonable certainty that these stakes were original monuments of a survey made in 1924, although it appears that they had been in place for some time, as they were covered with soil and grass roots. The surveyor, or. whoever prepared the notes for the description contained in the 1924 deed, described the stakes at the northeast and northwest corners of the tract now owned by Fuentes as being located at the 90 vara distance. If we assume that an actual survey was made and the corners marked upon the ground, it seems that there is nothing in this record except mere surmise and conjecture, to support an assertion that the stakes were not placed where the surveyor said they were. It is not uncommon for stakes or other artificial monuments to be uprooted and displaced over a period of years. It is true that there is testimony that the day before the trial no stakes were found at the 90 vara distance, and iron pins were found at the 100 vara distance. It is not seriously urged that these pins were original monuments. In fact, because of the widening of a roadway right-of-way, it is undisputed that the pin for the northwest corner was not at the original corner. The circumstances surrounding the setting of these pins or stakes is wholly unexplained. It is not made known why they were set or by whom. It is not shown whether they were set in an attempt by some one to mark the original corners of the survey or simply to mark the fence line. Under these circumstances the distance call of 90 varas, which does not disturb other calls of the survey nor affect the configuration of the lot, should be honored, and the trial court erred in failing to do so. Booth v. Upshur, 26 Tex. 64; Williams v. Winslow, 84 Tex. 371, 19 S.W. 513; Jaggers v. Stringer, 47 Tex.Civ.App., 571, 106 S.W. 151; Guill v. O'Bryan, Tex.Civ.App., 121 S.W. 593.

Accordingly, the judgment is reversed and the cause remanded to the trial court with directions to render judgment for appellant in accordance with this opinion.

Judgment reversed and cause remanded with directions.